# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANN SCHAFFER, Individually and as Special Administrator of the Estate of NICHOLAS SCHAFFER, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14CV1789 HEA |
| AIR & LIQUID SYSTEMS CORPORATION, as successor in interest to Buffalo Pumps, Inc., et al., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 122]. Defendant Exxon Mobil Corporation filed a response in opposition. Thereafter, Plaintiff filed a reply.

### Facts and Background

Plaintiff is the surviving spouse of Nicholas Schaffer, deceased. Nicholas and Ann Schaffer originally initiated a lawsuit against Defendants in the Circuit Court of the 22nd Judicial Circuit in the City of St. Louis, Missouri. Subsequent to the original filing, Nicholas died from asbestos-related mesothelioma. The Petition alleges that Nicholas Schaffer injuries and ultimate death were the result of inhaling asbestos-containing products during his work as a ship repairman at the

Newport News Shipbuilding and Drydock Company. Plaintiff claims Defendants' negligence resulted in Nicholas Schaffer inhaling asbestos dust that caused him to contract mesothelioma. Count I is a State law claim of strict liability. Count II is a State law claim of negligence. Count III is a State law claim for willful and wanton misconduct – aggravated circumstances. Counts IV and V are State law conspiracy claims. Count VI is a State law claim of fraudulent misrepresentation. Count VII is a State law claim of battery. Count VIII is a State law negligence claim. Count IX is a State law claim of willful and wanton conduct. Count X is titled "common law and/or maritime negligence under 33 U.S.C. § 905(b) for Exxon Mobil Corporation," the "Vessel Defendants." Count XI is titled "loss of consortium under 33 U.S.C. § 905(b) for Exxon Mobil Corporation. Plaintiff's claims, therefore, are brought pursuant to Missouri common law.

On October 22, 2014, Defendant Exxon Mobil Corporation filed a Notice of Removal. Defendant asserted this case was removable under the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905 and that removal was based on federal question jurisdiction and admiralty jurisdiction, citing 28 U.S.C. §§ 1331, 1333. (Doc. # 1, at ¶ 5).

## Discussion

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Federal courts "possess only that

power authorized by Constitution and statute ... which is not to be expanded by judicial decree." *Id.* (citations omitted). The removing party bears the burden of establishing the Court's jurisdiction. *Baker v. Martin Marietta Materials,* 745 F.3d 919, 923 (8th Cir. 2014). If Defendant is able to establish the Court's jurisdiction, then it is Plaintiff's burden to prove there is an applicable exception.

Federal courts must construe removal statutes strictly because removal jurisdiction raises significant federalism concerns. Any and all doubts about jurisdiction should be resolved in favor of remand to state court. *Id.*

Federal question jurisdiction requires a complaint to arise from "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts determine whether a complaint properly alleges a federal question by using the well-pleaded rule. *Id.* That is, the federal law cited in the complaint must create the cause of action or a plaintiff's right to relief must depend on the resolution of a substantial question of federal law.

> Defendants may not "inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir.2000). Moreover, "[i]t is firmly established that a federal defense, including a preemption defense, does not provide a basis for removal, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case.' " *Cent. Iowa Power,* 561 F.3d at 912 (quoting *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425).

*Baker v. Martin Marietta Materials, Inc*. 745 F.3d 919, 924 (8th Cir 2014).

A review of the Petition reveals this is a Missouri common law action. There is no law cited in the Petition that creates a federal cause of action. Moreover, a case with a general maritime nature requesting common law remedies does not provide a ground for federal jurisdiction. *Pierce v. Parker Towing Co., Inc.,* 25 F.Supp.3d 1372, 1376 (S.D.Ala.2014) (citing *Armstrong v. Ala. Power Co.,* 667 F.2d 1385, 1388 (11th Cir.1982)). In light of the narrowly construed construction of federal question jurisdiction, the Court finds general federal question jurisdiction does not exist in this case.

Pursuant to 28 U.S.C. § 1333(1), federal courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The savings clause, however, does not require that a tort maritime case be litigated in federal court. *See Pierce,* 25 F.Supp.3d at 1375–76; *see also Madruga v. Superior Court,* 346 U.S. 556, 560 (1954) ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as a proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien ."); *Armstrong v. Ala. Power Co.,* 667 F.2d 1385, 1388 (11th Cir.1982) ("a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction."); *Coronel v. AK*

*Victory,* 1 F.Supp.3d 1175, 1183 (W.D.Wash.2014) ("the 'general rules of maritime law apply whether the proceeding be instituted in an admiralty or common-law court.' ") (quoting *Carlisle Packing, Co. v. Sandanger,* 259 U.S. 225, 259 (1922).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides in relevant part:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.-(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of the title, the citizenship of defendants sued under fictitious names shall be disregard. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2012).

Prior to the 2011 amendment to 28 U.S.C. § 1441(b), it was settled law that removal of an *in personam* maritime action, such as Plaintiff's, required a "separate basis of jurisdiction" such as diversity jurisdiction. *Id.* at 1377. After the 2011 amendment to 28 U.S.C. § 1441(b), several courts have found the amendment has not changed the rule. *See, e.g., Pierce v. Parker Towing Co., Inc.,* 25 F.Supp.3d 1372, 1376 (S.D. Ala. 2014) ("The 2012 change to the removal

statute has erased language the Fifth Circuit interpreted as the basis for denying removal of *in personam* maritime claims. Where the common law is competent to provide a remedy, as with in personam maritime claims filed in state court, a plaintiff may elect to pursue his common law remedies and the case cannot be removed based on § 1333."); *Progressive Mountain Ins. Co. v. Dana C. McLendon Co. Inc.,* No. 2:14–cv–04413–DCN, 2015 WL 925932 (D.S.C. Mar. 4, 2015) (finding a defendant may only remove a case in which an *in personam* maritime claim is brought when the case includes an independent ground for federal question jurisdiction). There are some courts, however, that have found otherwise. *See, e.g., Ryan v. Hercules Offshore, Inc.,* 945 F.Supp.2d 772, 778 (S.D.Tx.2013) (finding case brought pursuant to Death on the High Sea Act and Longshore and Harbor Workers' Compensation Act were removable to federal court pursuant to admiralty jurisdiction).

The parties disagree as to whether Section 1441(b) now gives the Court jurisdiction to facilitate this case. Defendant argues Section 1441(b) allows general admiralty cases, such as this common law *in personam* case, to be removed to federal court without another basis. Defendant heavily relies on a case called *Ryan* and its progeny. *See Ryan,* 945 F.Supp.2d 772. Whereas Plaintiff. argues the contrary and rely on cases that have rejected *Ryan. See, e.g., Progressive Mountain,* 2015 WL 925932.

After having considered the arguments and case law presented to the Court, the Court finds the 2011 amendment to Section 1441 does not permit maritime claims to be removed to federal court without an independent basis for jurisdiction. A plain reading and interpretation of Section 1441 when read in light of the savings to suitors clause undermines the reasoning in *Ryan.* Federal courts have long supported a plaintiff's right to choose a forum, state or federal, in common-law maritime actions. *See generally Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 371–72 (1959) ("Thus the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expended view of s 1331, since saving-clause actions would be freely removable under s 1441"). Here, Plaintiff's *in personam* action, initially brought in state court, seeks common law remedies. The Court cannot disturb Plaintiff's prerogative to pursue her action in state court. *Vincent v. Regions Bank,* No. 8:08–cv–1756–T–23EAJ, 2008 WL 5235114, at *1 (M.D.Fla. Dec. 15, 2008)). *See also, Pierce,* 25 F.Supp.3d 1372; *Progressive Mountain,* 2015 WL 925932, at *4 (finding general maritime law claims are not removable); *A.E.A. ex rel. Angelopoulous v. Volvo Penta of the Americas,* No. 2:14–cv–425, 2015 WL 128055, at *7 (E.D.Va. Jan. 9, 2015) ("When read in light of the saving to suitors clause, a plain meaning interpretation of § 1441 undermines the *Ryan* court's reasoning."); *Harrold v. Liberty Ins. Underwriters,* Civ. Actions Nos. 13–762, 13–

831, 2014 WL 5801673, at *3 (M.D.La. Nov. 7, 2014) ("The Court believes that the correct view is also the majority view and that general maritime claims are not removal, despite the changes to 28 U.S.C. § 1441."); see also, *Progressive Mountain Ins. Co. v. Dana McLendon Co., Inc.,* No. 2:14–cv–04413–DCN, 2015 WL 925932 (D.S.C. Mar. 4, 2015); *Aarons v. Phillips 66 Co.,* Civil Action No. 14–601, 2015 WL 575358 (E.D.La. Feb. 11, 2015).

Pursuant to 28 U.S.C. § 1447(c), a court may award attorney's fees to a non-removing party "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* (citations omitted). Nonetheless, a district court has discretion in determining whether a case has unusual circumstances that warrant a departure from the general rule. *Id.*

Here, Plaintiff seeks attorney's fees. Defendant opposes this request. In light of the circumstances of this case, the Court finds Defendant's removal to federal court was objectively reasonable. *See generally Butler v. RLB Contracting, Inc.,* No. 3:14–cv–112, 2014 WL 1653078, at *4 (S.D.Tex. Apr. 24, 2014) (denying request for attorney's fees because the law was unsettled, among other things). There are no unusual circumstances to find otherwise. Therefore, the Court will not award attorney's fees.

## Conclusion

Based upon the foregoing, the Motion to Remand is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No. 122] is granted. This matter is remanded to the Circuit Court of the Twenty Second Judicial Circuit for the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Attorney's Fees is denied.

Dated this 10th day of April, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE